In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00149-CR**
_____

**FRANCISCO ROSALEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 13-16304**

**MEMORANDUM OPINION**

Pursuant to a plea bargain agreement, appellant Francisco Rosalez pleaded guilty to the offense of injury to a child, a third degree felony. *See* Tex. Penal Code Ann. § 22.04(a)(3), (f) (West Supp. 2014). The trial court found the evidence sufficient to find Rosalez guilty of injury to a child, but deferred further proceedings, placed Rosalez on community supervision for a period of eight years, and ordered Rosalez to pay a $1,000 fine. Thereafter, the State filed a motion to revoke Rosalez's unadjudicated probation. The trial court held a hearing on the

1

State's motion to revoke, during which Rosalez pled "true" to two violations of the conditions of his community supervision. At the conclusion of the hearing, the trial court found the evidence sufficient to establish that Rosalez violated the conditions of his community supervision. Based on this finding, the trial court revoked Rosalez's community supervision, found him guilty of the offense of injury to a child, and sentenced him to five years in prison. Rosalez timely filed this appeal.

Rosalez's appellate counsel filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978). Counsel's brief presents his professional evaluation of the record and concludes there are no arguable grounds to be advanced in this appeal. Counsel provided Rosalez with a copy of this brief. We granted an extension of time for Rosalez to file a pro se brief, but we received no response from Rosalez.

The appellate court need not address the merits of issues raised in *Anders* briefs or pro se responses. *Bledsoe v. State,* 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In these circumstances, we "may determine that the appeal is wholly frivolous and issue an opinion explaining that [the appellate court] has reviewed the record and finds no reversible error. Or, [we] may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* (citations omitted).

We have independently reviewed the clerk's record and the reporter's record, and we agree with Rosalez's appellate counsel that no arguable issues were properly preserved to support an appeal. *See id.* Therefore, we find it unnecessary to order appointment of new counsel to re-brief Rosalez's appeal. *See id.; cf. Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on August 29, 2014
Opinion Delivered November 18, 2015
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.

---

[1] Rosalez may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.